UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Taylor St. John, | ) | |
| | ) | No. 22 B 02548 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Carol A. Doyle |

**MEMORANDUM OPINION**

Attorney Xiaoming Wu filed a fee application seeking a flat fee of $4,500 under the Court-Approved Retention Agreement ("CARA") he entered with the debtor.[1] The CARA allows a debtor's lawyer to receive a flat fee of up to $4,500 for representing a debtor in a chapter 13 case without filing an itemization of time spent. Wu required the debtor to enter into a wage assignment agreement in addition to the CARA as a condition to taking on the representation. The wage assignment allows Wu to collect any unpaid amount owed under the CARA directly from the debtor's wages after the bankruptcy case is dismissed. This type of agreement is prohibited by the court's Local Rules regarding the CARA, which permit the court to deny any fee to an attorney who enters into such an agreement. Wu's fee application will be denied.

---

[1]Wu filed the fee application but it is signed by Michael Burr, an attorney who works for Wu's firm, Borges and Wu. Wu has appeared at the hearings on the fee application in this case and other cases that raise the same issue regarding a wage assignment. The court has treated Wu as the moving party because he filed the application and his firm, not Burr individually, would be paid any fee allowed.

1

1.      The CARA and Local Rule 5082-2

Local Rule 5082-2 governs fee applications for lawyers representing debtors in chapter 13

cases.   Rule 5082-2(C) applies to debtors' counsel who enter into the CARA to obtain a flat fee

for representing a debtor throughout the entire chapter 13 case.  Subpart (C)(3) prohibits the

lawyer from entering into any other agreement regarding payment of the fee.  It states:

> (3)   The Flat Fee will not be awarded and all compensation may be denied if, in
>
> addition to the Court-Approved Retention Agreement, the debtor and an attorney
>
> for the debtor have entered into any other agreement in connection with the
>
> representation of the debtor in preparation for, during, or involving a Chapter 13
>
> case, and the agreement provides for the attorney to receive:
>
> (a) any kind of compensation, reimbursement, or other payment; or
>
> (b) any form of, or security for, compensation, reimbursement, or other
>
> payment that varies from the Court-Approved Retention Agreement.

Local Rule 5082-2(B) requires a lawyer seeking a flat fee under the CARA to use the

court's Form Fee Application, Local Form 13-9, to apply for approval of the fee.   Form 13-9

requires the lawyer to certify that the he has not entered into any agreements prohibited by

subpart (C)(3), among other things.  It also states that any such agreement is void.

2.      The Wage Assignment Agreement

This case was before the court for a hearing on confirmation of the debtor's plan, a

motion to dismiss filed by the chapter 13 trustee, and Wu's fee application.  Wu acknowledged

that dismissal was appropriate but asked the court to grant his fee application.  The wage

assignment violates Rule 5082-2(C) and warrants denial of his fee application.

The wage assignment is prohibited by Local Rule 5082-2(C)(3)(a) and (C)(3)(b).  It violates subpart (C)(3)(a) because it is an agreement that provides for the attorney to receive "any kind of compensation, reimbursement, or other payment."  The assignment gives Wu the right to be paid directly from the debtor's wages any amounts still owed under the CARA after the case is dismissed.  This is an agreement for "other payment" - through a post-dismissal wage deduction - that is prohibited.  Notably, the wage assignment deprives the debtor of the right to defend against any collection action that Wu could potentially file in a non-bankruptcy court after the bankruptcy case is dismissed.  Wu tried to eliminate the need to file a lawsuit against the debtor and thereby eliminate any chance for the debtor to raise potential defenses (such as that Wu did not perform under the contract).  The assignment allows Wu to go straight to collection from the debtor's wages without the procedural safeguards afforded to a defendant in a lawsuit before and after judgment.  *In re Rosol*, 114 B.R. 560, 565 (Bankr. N.D. Ill. 1989)  ("wage assignments ... do not require any judgment and can be filed without any judicial review of the creditor's claim."); *see* 740 ILCS § 170/2 (requiring creditor to provide only minimal notice to a debtor prior to making demand of employer under wage assignment).  The wage assignment is clearly an agreement that provides for "other payment" of the flat fee that is prohibited under subpart (C)(3)(a) of Rule 5082-2.

The wage assignment also violates subpart (C)(3)(b) of Rule 5082-2 because it provides security for payment of fees owed under the CARA.   Subpart (C)(3)(b) provides that a debtor's lawyer may not enter into an agreement that provides the lawyer with "any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved

Retention Agreement."  The CARA provides that the debtor's lawyer will be paid by the trustee from the debtor's plan payments during the bankruptcy case.  CARA, ¶ 2(D).  It also prohibits a debtor's lawyer from enforcing any order entered granting a fee application as a judgment in another court if the case is dismissed before all the fees are paid.  CARA, ¶ 4.  The wage assignment is an agreement that provides an additional means of collecting the money owed under the CARA that "varies from" the provisions of the CARA.

Wu argues that the wage assignment does not "vary from" the CARA because the CARA does not say what he may or may not do after dismissal.  He contends that "varies from" means "is inconsistent with" or "directly contradicts" an express term of the CARA.  The court rejects this attempt to rewrite the CARA.  Any agreement that adds to the lawyer's right to be paid provided under the CARA "varies" from the CARA.  "Vary" means to differ from.  The dictionary defines "vary" as "differ in size, amount, degree, or nature from something else of the same general class."  OED online. Oxford University Press, September 2022.  The wage assignment provides a collection mechanism that clearly differs from, and is far more powerful than, what is provided in the CARA.  It significantly alters the CARA's balance of benefits and risks to the debtor and the lawyer.  It is prohibited by subpart (C)(3)(b).

Wu next contends that the court cannot deny his fee application because the wage assignment does not "apply" - or take effect - while the case is pending.   He also suggests that the court does not have jurisdiction to do anything about the wage assignment because the court loses jurisdiction once the bankruptcy case is dismissed and the assignment does not go into effect until after dismissal.  He is wrong on both points for at least two reasons.  First, the Seventh Circuit has held that bankruptcy courts have jurisdiction over fee issues after dismissal

4

of a case. *In re Sweports, Ltd.*, 777 F.3d 364 (7th Cir. 2015).  More importantly, the issue before the court is whether he is entitled to allowance of a flat fee *in the bankruptcy case*.  Subpart (C)(3) prohibits the agreements described in subparagraphs (a) and (b) if they are made "in connection with the representation of the debtor in preparation for, during, or involving a chapter 13 case."  Any agreement that addresses how the lawyer will be paid the flat fee, whether the agreement is effective before, during, or after the bankruptcy case, is an agreement made "in connection with the representation of the debtor . . . involving a chapter 13 case" that is prohibited and provides grounds for denial of any attorneys' fee in the bankruptcy case.  Here, the wage assignment is an agreement "involving a chapter 13 case" that is banned by subpart (C)(3).  Wu cannot escape the court's scrutiny by making the wage assignment effective after dismissal of the case.

Wu also argues that the wage assignment should not affect his right to a flat fee because he has annulled the agreement.  His annulment of the agreement after it was discovered by the court does not negate that he required the debtor to enter into it when they agreed to the CARA so he violated Rule 5082-2(B) and (C).

Finally, Wu asserts that the court has somehow acquiesced to his wage assignment practice by not discovering it sooner and denying previous fee applications.  He argues that he has filed the wage assignments in the docket of each of his cases so the court was on notice of them and failed to tell him that they violate Rule 5082-2(C).  Wu fails to recognize that the fee application form, Local Form 13-9, requires Wu to certify that he has not entered into any agreements that violate Rule 5082-2(C).  The court is not required to scour dockets to determine

5

whether he filed any documents that would show that his certifications are false.[2]  It may rely on

his certifications as a basis for granting his fee applications.  Wu's suggestion that the judges in

the district have acquiesced to his practice of requiring wage assignment and therefore, in effect,

waived their right to deny his fee applications is rejected.

For all of these reasons, Wu's fee application is denied.

Dated: September 30, 2022

ENTERED:

Carol A. Doyle
United States Bankruptcy Judge

---

[2]Indeed, the undersigned judge only discovered Wu's practice fortuitously when viewing the docket of another case for a different issue.  The court noticed that Wu had filed a document entitled "Wage Assignment Agreement" in that case and questioned him about it. The court then required Wu to file a list of all chapter 13 cases filed in this district by him or any other lawyer at his firm in which the debtor was required to enter into a wage assignment agreement in addition to the CARA.  This is one of those cases.